# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA PERNELL CALLAHAN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNKNOWN,<br><br>　　　　　　Defendant. | Case No. 1:22-cv-00221-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　Background**

Plaintiff Ira Pernell Callahan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 9, 2022, the Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days. (ECF No. 11.) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (*Id.* at 12.) The deadline has expired, and Plaintiff has failed to

file an amended complaint or otherwise communicate with the Court.

## II. Failure to State a Claim

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is currently housed at North Kern State Prison ("NKSP"), where the events in the complaint are alleged to have occurred. Plaintiff does not name any defendants. The complaint is in letter form and addressed to "To Whom it May Concern" and appears to be on behalf of all inmates. In substance, Plaintiff alleges as follows.

Plaintiff complains of safety, policies and protocols at NKSP. Plaintiff complains of exposure by inmates to the "Ibercrombie" virus, Delta variant and Covid19 on December 25,

2021, by an unknown correctional officer on the third watch. Inmates are put at serious risk due to exposure and are not being allowed to properly social distance in Dorm C-west, which was filled to the maximum capacity of 200 inmates. It should have been half that due to the Covid 19 protocol.

Medical staff and correctional officers neglect thorough medical evaluations for inmates and integrate inmates into main population. They do not properly test, diagnose or produce test results before placing inmates in their dorms and quarantine housing units without proper testing, diagnosis or test results. Being placed on quarantine affects prisoners' release dates, parole dates, visitation, commissionary and medical visits and extends their period of incarceration and violates Due Process.

The overcrowding and the Covid 19 protocol deprive prisoners of the ability to socially distance themselves which causes an unsafe environment. Many prisoners and staff have been diagnosed with the many Covid 19 viruses and have been quarantined, but Medical has not yet provided a solution that prevents prisoners and staff who have been diagnosed from coming in contact with other prisoners. Prisoners have a serious medical need of Covid 19 testing, and officials show deliberate indifference to prisoner serious medical needs of Covid 19 testing, social distancing, and proper quarantine. Plaintiff states that on December 25, 2021, an officer/staff tested positive after working in the dorm, but inmates were not swabbed. On January 2, 2022, an inmate was removed from Plaintiff's dorm who tested positive for Covid, and the inmates were not swabbed. On January 4, 2022, people inside his dorm were starting to feel sick, but they were not swabbed.

**C.     Discussion**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 10 and fails to state a cognizable claim under 42 U.S.C. § 1983.

**1.     Plaintiff Cannot Represent Other Inmates**

It appears that Plaintiff is seeking to bring this action on behalf of other inmates. A *pro se* inmate cannot represent anyone other than himself in a conditions of confinement suit. "A litigant appearing in propria persona has no authority to represent anyone other than himself."

*Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *see also McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (privilege to appear without counsel is personal to the litigant). "Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted). "[A]n inmate does not have standing to sue on behalf of his fellow prisoners. Rather, the prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights." *Weaver v. Wilcox*, 650 F.2d 22, 27 (3rd Cir. 1981) (citations omitted). Thus, "[i]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (citation omitted).

For these reasons, the Court must construe this action as an individual civil rights suit brought by Plaintiff alone.

### 2. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57.

Although Plaintiff's complaint is relatively short, it is not a plain statement of his claims. As a basic matter, the complaint does not clearly state what happened, when it happened or who was involved. Plaintiff's allegations must be based on facts as to what happened and not conclusions. Plaintiff does not identify particular persons in the alleged wrongful acts and does not identify what those persons did or did not do which violated Plaintiff's rights.

///

///

4

### 3.    Federal Rule of Civil Procedure 10

Plaintiff submitted his complaint in the form of a letter that was addressed "[t]o whom it may concern." Because Plaintiff styled his complaint as a letter, the complaint does not have a caption that contains the names of the defendants discussed in the body of the complaint, in violation of Rule 10(a). *See* Fed. R. Civ. P. 10(a) (Rule 10(a) requires that plaintiffs include the names of all parties in the caption of the complaint). The Court cannot have the complaint served on any of the parties discussed in the body of the Complaint. *See Soto v. Bd. of Prison Term*, No. CIV S-06-2502 RRB DAD P, 2007 WL 2947573, at *2 (E.D. Cal. Oct. 9, 2007) (The Court cannot order service of the Complaint without the names of the parties included in the caption of the Complaint). Rule 10 of the Federal Rules of Civil Procedure requires, among other things, that a complaint (a) state the names of "all the parties" in the caption; and (b) state a party's claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10. Plaintiff's complaint is subject to dismissal on this basis alone. *See Martinez v. Davey*, No. 16-cv-1658-AWI-MJS (PC), 2018 WL 898153, at *5 (E.D. Cal. Feb. 15, 2018) (dismissing, among other reasons, because "Plaintiff makes allegations against numerous non-party individuals not named in the caption of the complaint" in violation of Rule 10(a)).

### 4.    Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right,

5

within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to identify any defendant and therefore fails to link each defendant to any alleged wrongful conduct. Plaintiff cannot pursue claims against "medical staff" or "correctional officers." Plaintiff must name individuals and link that person to alleged wrongful conduct. In order to state a claim for relief under section 1983, plaintiff must link each named defendant, including Doe Defendants, with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### 5. Supervisor Liability

Insofar as Plaintiff is attempting to sue any defendant, based solely upon his or her supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." *Waggy v. Spokane Cty. Wash.*, 594 F.3d 707, 713 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such

6

defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### 6. Deliberate Indifference to Conditions of Confinement

Plaintiff presents his Eighth Amendment claims as conditions of confinement claims rather than a deliberate indifference to serious medical needs.[1] He challenges the spread of COVID due to the overcrowded conditions and movement of inmates.

Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. *Farmer*, 511 U.S. at 834. "First, the deprivation must be, objectively, sufficiently serious." *Id.* (internal quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable state of mind," which for conditions of confinement claims, "is one of deliberate indifference." *Id.* (internal quotation marks and citation omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Id.* at

---

[1] Plaintiff's allegations do not demonstrate that he is challenging any medical care provided. Plaintiff fails to allege facts about his medical care which demonstrate deliberate indifference. Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014).

837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Farmer*, 511 U.S. at 834; *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson*, 217 F.3d at 731. Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety. . . ." *Farmer*, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Id.* at 837–45.

COVID-19 poses a substantial risk of serious harm. *See Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). However, in order to state a cognizable Eighth Amendment claim, Plaintiff must provide more than generalized allegations that the "medical staff" and "correctional officers" have not done enough regarding overcrowding or prison movement or housing assignment to control the spread. *See Booth v. Newsom*, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020); *see Blackwell v. Covello*, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the spread of COVID-19 in the prison); *Benitez v. Sierra Conservation Ctr., Warden*, No. 1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021), report and recommendation adopted, No. 1:21-CV-00370 NONE BAM (PC),

2021 WL 4593841 (E.D. Cal. Oct. 6, 2021) (Failed to state a claim on allegations that overcrowding/lack of distance between inmates has exacerbated the conditions leading to transmission of COVID. Plaintiff alleges that there is no way to socially distance, among other conditions.); *Sanford v. Eaton*, No. 1:20-CV-00792 BAM (PC), 2021 WL 3021447, at *7 (E.D. Cal. July 16, 2021), report and recommendation adopted in part, rejected in part, No. 1:20-CV-00792 NONE BAM (PC), 2022 WL 168530 (E.D. Cal. Jan. 19, 2022 (in order to state a cognizable Eighth Amendment claim against the warden, associate wardens and any other defendants named, Plaintiff must provide more than generalized allegations that the warden, associate wardens and other defendants have not done enough regarding overcrowding to control the spread.); *Fernandez v. Gamboa,* No. 21-CV-01748 JLT BAM (PC), 2022 WL 658590, at *8 (E.D. Cal. Mar. 4, 2022) (the actions of Defendants may not have been effective or a "perfect response," but the numerous efforts undertaken demonstrate that Defendants were engaged in active conduct to manage the spread of the virus.)

The Court notes that overcrowding, by itself, is not a constitutional violation. *Doty v. County of Lassen*, 37 F.3d 540, 545 n.1 (9th Cir. 1994); *Hoptowit v. Ray*, 682 F.2d at 1248–49 (noting that overcrowding itself not Eighth Amendment violation but can lead to specific effects that might violate Constitution), abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995); *see Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989) (allegations of prison overcrowding alone are insufficient to state a claim under the Eighth Amendment.); *see also Rhodes v. Chapman*, 452 U.S. at 348–49 (double-celling of inmates by itself does not inflict unnecessary or wanton pain or constitute grossly disproportionate punishment in violation of Eighth Amendment). An overcrowding claim is cognizable only if the plaintiff alleges that crowding has caused an increase in violence, has reduced the provision of other constitutionally required services, or has reached a level rendering the institution no longer fit for human habitation. *See Balla*, 869 F.2d at 471; *see, e.g.*, *Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987) (per curiam) (as amended) (reversing district court's dismissal of claim that overcrowding caused increased stress, tension, and communicable disease among inmate population); *Toussaint v. Yockey*, 722 F.2d 1490, 1492 (9th Cir. 1984) (affirming that Eighth

Amendment violation may occur as result of overcrowded prison conditions causing increased violence, tension, and psychiatric problems).

Plaintiff alleges that the overcrowding has exacerbated the conditions leading to transmission of COVID. Plaintiff alleges that there is no way to socially distance, among other problems. The Court recognizes that "[p]risons present unique concerns regarding the spread of this virus; by their very nature, prisons are confined spaces unsuited for 'social distancing.'" *Evdokimow v. Doll*, No. 4:21-CV-00261, 2021 WL 767554, at *6 (M.D. Pa. Feb. 26, 2021). Nevertheless, CDC guidelines specifically contemplate that individuals will be confined within prisons during the duration of this pandemic. *See* Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited April 22, 2022).

The transmissibility of the COVID-19 virus in conjunction with Plaintiff's living conditions, which he alleges were overcrowded, among other ills, are sufficient to satisfy the objective prong, i.e., that Plaintiff was "incarcerated under conditions posing a substantial risk of serious harm." The pertinent question in determining whether Plaintiff states a claim is whether unnamed defendants' actions demonstrated deliberate indifference to that risk of harm. The key inquiry is not whether the defendants perfectly responded, complied with every CDC guideline, or whether their efforts ultimately averted the risk; instead, the key inquiry is whether they "responded reasonably to the risk." *See Stevens v. Carr*, No. 20-C-1735, 2021 WL 39542, at *4 (E.D. Wis. Jan. 5, 2021); *accord Benitez, v. Sierra Conservation Center*, 1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (same); *Sanford v. Eaton*, No. 1:20-CV-00792 BAM (PC), 2021 WL 3021447, at *8 (E.D. Cal. July 16, 2021) (same); *Fernandez v. Gamboa,* No. 21-CV-01748 JLT BAM (PC), 2022 WL 658590, at *8 (E.D. Cal. Mar. 4, 2022) (same).

Plaintiff finds fault with how the "medical staff" and "corrections staff" responded. Plaintiff does not adequately allege who and how they were deliberately indifferent to the spread

10

of the disease. The actions of any purported defendant need not be a "perfect response." There appears to have been efforts undertaken to manage the spread of the virus. Plaintiff must allege factual support to show that any purported defendant disregarded a known risk or failed to take any steps to address the risk. *Wilson*, 961 F.3d at 843 (6th Cir. 2020); *Sanford v. Eaton*, No. 1:20-CV-00792 BAM (PC), 2021 WL 3021447, at *8 (E.D. Cal. July 16, 2021) (failure to state a claim where defendants were trying "alternatives" to manage the situation.); *Benitez, v. Sierra Conservation Center*, 1:21-CV-00370 BAM (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (same).

As stated above, Plaintiff failed to name defendants and provide factual support of what each defendant did or did not do which allegedly violated Plaintiff's constitutional rights.

### 7. State Law Violations

To the extent that purported defendants have not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See, e.g.*, *Nible v. Fink,* 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting *Lovell v. Poway Unified Sch. Dist.,* 90 F.3d 367, 370 (9th

Cir. 1996)); *see Davis v. Kissinger*, No. CIV S-04-0878-GEB-DAD-P, 2009 WL 256574, *12 n.4 (E.D. Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Thus, the violation of any state law or regulation that reaches beyond the rights protected by the federal Constitution and/or the violation of any prison regulation, rule or policy does not amount to a cognizable claim under federal law, nor does it amount to any independent cause of action under § 1983. Accordingly, Plaintiff cannot maintain a § 1983 claim for violations of prison rules or other California law.

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

///

///

**B.     Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's March 9, 2022 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 11, p. 12.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.     Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

///

13

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a Court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 22, 2022**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE